Filed 4/15/22  In re R.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re R. G., a Person Coming Under the Juvenile Court Law. | C095118 |
| THE PEOPLE, | (Super. Ct. No. JV140577) |
| Plaintiff and Respondent, | |
| v. | |
| R. G., | |
| Defendant and Appellant. | |

A petition charged minor R. G. with felony assault by means of force likely to produce great bodily injury and assault of a safety and security officer while on school property.  Subsequently, an amended petition added charges of possession of an assault weapon, possession of a concealed weapon, possession of a firearm in public, possession of a firearm in a school zone, and resisting, delaying, obstructing a police officer.

On the assault charges, the minor and D. T. approached the victim after school. The minor told the victim he heard the victim was disrespecting the minor's friend.  The minor punched the victim in the face several times.  During the fight, the victim took the minor to the ground, but the fight continued.  Then, D. T. took the victim to the ground.

1

While the victim was on the ground, the minor, D. T. and others punched the victim and stomped on his head. School staff broke up the fight.

While the assault case was pending, police apprehended defendant following a hit and run accident. The police discovered the minor possessed a loaded handgun. The barrel of the gun had been threaded in a way to make it an assault weapon.

The juvenile court held a contested jurisdictional hearing on the assault counts. At the hearing, it granted the prosecutor's motion to dismiss the assault on a safety and security officer. The juvenile court sustained the petition on the charge of assault on the victim as a misdemeanor.

In a following proceeding, the minor admitted felony possession of a concealed weapon. The court dismissed the remaining weapon charges. The juvenile court also sustained the petition on the weapons charge, adjudged minor a ward of the court, committed him to the care and custody of his parents, placed him on formal probation, ordering restitution, and imposing various conditions of probation. The juvenile court imposed 50 days in juvenile hall, 92 days on electronic monitoring and 173 days of home supervision, with credit for time served on each of those terms.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.

# DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Krause, J.

3